UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
STEVE VAGO, FELICIA GROSSMAN, HANKA LEW,
YOCHANAN STEPEN, FRED STEPEN, JEFFREY
SCHNAPPER, DAVID WEINBERG, JOSEPH & ALAN
LISTHAUS, ALAN & BARBARA LISTHAUS, GILBERT
RAKER, AARON & CINDY DOBRINSKY, DAVID &
MARIAN FASS, MICHAEL NIMAROFF, FRANK
ELENIO, TOMMY ARNOLD, ARTHUR LUXENBERG,
HARRY STEINMETZ, DALE ANDERSON, ARLENE
SEATON, DAVID SINCLAIR, BERNARD MERMELSTEIN,
PHOENIX CAPITAL WORLDWIDE II, LP, and           Hon. Richard J. Sullivan
ANASTASIA PANAGIOUTOU

                              **Plaintiffs,**                Case No. 09cv06202

    -against-

BEIJING YANCHU GAS TECHNOLOGY CO., LTD.,
and CHINA TITUS INTERNATIONAL
INDUSTRIAL, LTD.

                              **Defendants.**
-------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

       Pursuant to Local Civil Rule 1.4, Hunter Taubman Weiss LLP ("HTW") f/k/a Leser Hunter Taubman & Taubman, PLLC, which serves as counsel for Plaintiffs since the commencement of this action, hereby submits this Memorandum of Law in Support of its Motion to Withdraw as Counsel on the grounds of nonpayment of legal fees. In support of the Motion to Withdraw as Counsel, HTW respectfully states as follows:

**I.    BACKGROUND**

       As set forth in the Declaration of Mark David Hunter, Esq., in Support of Motion to Withdraw as Counsel (the "Hunter Decl."), HTW began representing Plaintiffs on or about June

1, 2009, upon the execution of the HTW retainer agreement (the "Retainer"). *Hunter Decl.* at ¶ 2. HTW agreed to represent Plaintiffs in this action upon the payment of an upfront fee and prompt payment of HTW's monthly invoices. *Id* at ¶ 10.

On July 10, 2009, HTW commenced this action by filing a Summons and Complaint on the defendants Beijing Yanchu Gas Technology Co., Ltd. ("Yanchu Gas") and China Titus International Industrial, Ltd. ("China Titus") (collectively, the "Defendants"). *Id.* at ¶ 3. Subsequently, on July 27, 2009, HTW filed an Amended Complaint in this action. *Id.* Since Yanchu Gas and China Titus are companies of the People's Republic of China ("China"), HTW followed the guidelines of the Hague Convention to effect service. *Id.* at ¶ 4. HTW made several attempts to serve Defendants to no avail. *Id.* at ¶ 5.

After HTW expended an extensive amount of time and effort investigating the current location of Defendants, local process servers were able to serve a copy of the Summons and Amended Complaint on Defendant China Titus. *Id.* at ¶ 6. China Titus failed to appear in this action and Plaintiffs requested that this Court enter a default judgment against China Titus. *Id.* at ¶ 7. On or about July 15, 2010, Hon. Richard J. Sullivan entered a Default Judgment against China Titus. *Id.* at ¶ 8. Plaintiffs are currently in settlement discussions with Yanchu Gas. *Id.* at ¶ 14.

While HTW makes every effort to move this action forward, Plaintiffs have failed to make a payment on any open invoice for over a year, in spite of the Retainer. *Id.* at ¶ 9. HTW last received a payment from Plaintiffs on May 10, 2010. *Id.* at ¶ 12. To date, Plaintiffs owe HTW a total of $8,725.00 in legal fees. *Id*. HTW raised the issue of Plaintiffs' nonpayment countless times with Plaintiffs' authorized representative, Mark Lev. *Id.* However, Plaintiffs

continue to ignore HTW's requests for payment. *Id*. On May 20, 2011, HTW sent Mark Lev a letter notifying Plaintiffs of HTW's intent to withdraw as counsel. *Id.* at ¶ 13. In response, Mark Lev and Plaintiffs advised HTW that they were still in the midst of ongoing settlement discussions with Yanchu Gas. *Id.* at ¶ 14.

HTW advised this Court of those settlement discussions in its status letters, dated April 30, 2011 and June 6, 2011. *Id*. On June 8, 2011, HTW sent an e-mail to Plaintiffs discussing the potential settlement of this matter and the possibility of having to move forward with the litigation. *Id.* at ¶ 15. As part of the discussion, HTW raised the issue of the Plaintiffs nonpayment yet again. *Id*. In response, Plaintiffs continue to ignore the unpaid invoices and offer no form of payment on HTW's legal fees. *Id*. As such, Plaintiffs have made it clear that they do not intend to pay the outstanding invoices.

## II. ARGUMENT

### A. Plaintiffs Have No Intention to Compensate HTW

Under Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displace only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

LvR 1.4. Plaintiffs failure to pay legal fees and the resulting conflict of interest in this matter justifies HTW's withdrawal as Plaintiffs counsel. It is well settled that a client's failure to pay legal fees constitutes sufficient grounds for withdrawal as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) ("Although

there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.,* 2006 WL 1676485, at *1 (S.D.N.Y. Jun. 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw.") (citation omitted); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.,* 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000) ("[O]nly one ground need be shown" to support withdrawal; granting counsel for corporate defendant's motion to withdraw for failure to pay fees and the resultant "irreconcilable conflict of interest"); *HCC, Inc. v. RH&M Mach. Co.,* 1998 WL 411313, at *1 (S.D.N.Y. Jul. 20, 1998) (granting counsel for corporate defendant's motion to withdraw for failure to pay fees); *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (citing *Promotica of Am., Inc.*).   Moreover, courts have held that courts should not obligate counsel to represent a client *pro bono*.  *HCC, Inc.* 1998 WL 411313, at *1 (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing defendants *pro bono*").

      There is no dispute that Plaintiffs owe HTW for work performed in this action.  *Hunter Decl.* at ¶¶ 12-15.  HTW received Plaintiffs' last payment over a year ago on May 10, 2010. Plaintiffs made it clear in their email that they have no present plan to pay HTW the fees owed or that will be incurred in the future unless they recover money from the Defendants in this action. Basically, Plaintiffs have unilaterally converted the Retainer into a contingency based relationship without HTW's consent.

      The fact that Plaintiffs are currently in settlement discussion does not change the conclusion that HTW should be permitted to withdraw as counsel.  In over a year, HTW has only

managed to serve and obtain a default judgment against one Defendant.  If the settlement discussions take the same tone as service, it is not likely that HTW will see payment from Plaintiffs any time soon.

### B. Withdrawing at this Stage of the Litigation Would Minimize any Prejudice to Plaintiffs

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar."  At the present time, HTW is not aware of any scheduled calendared future events in this case outside of Plaintiffs' July 7, 2011 status letter to update this Court on the status of the settlement discussions.  Accordingly, Plaintiffs will not be unduly prejudiced by retaining new counsel to complete the next phase of this litigation or settlement.

HTW has already informed Plaintiffs of its intent to withdraw as counsel if Plaintiffs did not pay the outstanding invoices in the manner set forth in the Retainer.  Again, in light of Plaintiffs' response to HTW's several requests for payment, it is clear that Plaintiffs do not intend to pay HTW's invoices pursuant to the Retainer.  As such, HTW respectfully requests that it be allowed to withdraw now prior to any breakdown in settlement discussions requiring further litigation of this action.  Additionally, in the likelihood that Plaintiffs will continue to refuse to pay HTW's legal fees, HTW will be forced to arbitrate.  If HTW is not permitted to withdraw from its representation Plaintiffs in this matter, the representation will continue during a period that HTW and Plaintiffs are adverse to each other in an arbitration over legal fees.

Upon HTW's withdrawal, HTW request that the Court allow Plaintiffs thirty (30) days to enter the appearance of successor counsel.  *See HCC, Inc.,* 1998 WL 411313, at *1(granting defendant 30 days to select successor counsel).  Since neither Defendant has yet to appear in this

matter, HTW respectfully submits that it should not be difficult for successor counsel to take over this matter.

### III.     CONCLUSION

As explained above, Plaintiffs continue to owe on HTW's invoices for over a year and repeatedly ignore HTW's requests for payments. Therefore, HTW should be granted leave to withdraw from its representation of Plaintiffs in this matter.

**WHEREFORE,** Hunter Taubman Weiss LLP respectfully requests that this Court enter an order allowing Hunter Taubman Weiss LLP to withdraw as Plaintiffs' counsel in this matter, granting Plaintiffs' thirty (30) days to retain successor counsel, and granting any further relief this Court deems just and proper.

Dated: July 5, 2011
       Coral Gables, Florida

/s/ Mark David Hunter
Mark David Hunter, Esq.
NY Bar No. 4017331
Jenny Johnson-Sardella, Esq.
NY Bar No. 4225850
Hunter Taubman Weiss LLP
255 University Drive
Coral Gables, Florida 33134
Tel:   (305) 629-8816
Fax:   (305) 629-8877
E-mail: mdhunter@htwlaw.com
E-mail: jsardella@htwlaw.com

*Counsel for Plaintiffs*