UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVE VAGO, FELICIA GROSSMAN, HANKA LEW,
YOCHANAN STEPEN, FRED STEPEN, JEFFREY
SCHNAPPER, DAVID WEINBERG, JOSEPH & ALAN
LISTHAUS, ALAN & BARBARA LISTHAUS, GILBERT
RAKER, AARON & CINDY DOBRINSKY, DAVID &
MARIAN FASS, MICHAEL NIMAROFF, FRANK
ELENIO, TOMMY ARNOLD, ARTHUR LUXENBERG,           Hon. Richard J. Sullivan
HARRY STEINMETZ, DALE ANDERSON, ARLENE
SEATON, DAVID SINCLAIR, BERNARD MERMELSTEIN,      Case No. 09cv06202
PHOENIX CAPITAL WORLDWIDE II, LP, and
ANASTASIA PANAGIOUTOU

                         Plaintiffs,

   -against-

BEIJING YANCHU GAS TECHNOLOGY CO., LTD.,
and CHINA TITUS INTERNATIONAL
INDUSTRIAL, LTD.

                         Defendants.
-----------------------------------------------------------------------X

### DECLARATION OF MARK DAVID HUNTER, ESQ.
### IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

I, Mark David Hunter, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a member of the bar of this Court and a partner in the Firm of Hunter Taubman Weiss LLP (the "Firm") f/k/a Leser Hunter Taubman & Taubman, PLLC, counsel for Plaintiffs. I make this Declaration in support of the motion to withdraw as counsel.

2. On or about June 1, 2009, upon the execution of the Firm's retainer agreement (the "Retainer"), the Firm began its representation of Plaintiffs.

3. The Firm commenced this action on July 10, 2009 by filing a Summons and Complaint.

On or about July 27, 2009, the Firm filed an Amended Complaint.

4. Due to the fact that Beijing Yanchu Gas Technology CO., Ltd. ("Yanchu Gas") and China Titus International Industrial, Ltd. ("China Titus") (collectively, "Defendants") are companies of the People's Republic of China ("China"), service of the complaint must follow the guidelines of the Hague Convention.

5. The Firm made several attempts to serve Defendants.

6. After the Firm expended an extensive amount of time and effort, local process servers were able to personally serve Defendant China Titus with a copy of the Summons and Amended Complaint.

7. Subsequently, China Titus failed to appear in this action and Plaintiffs sought an Order to Show Cause as to why a default judgment should not be entered against China Titus.

8. China Titus failed to respond to the Order to Show cause and Hon. Richard J. Sullivan entered a Default Judgment against China Titus on or about July 15, 2010.

9. Plaintiffs have been unable to meet their financial obligations to the Firm as required by the Retainer. Given the time and effort spent trying to serve Defendants in this action, the Firm is not in a position to continue without payment from Plaintiffs.

10. The Retainer required Plaintiffs to pay an upfront fee upon execution and to pay subsequent monthly invoices. On May 27, 2009, Plaintiffs paid the Firm an upfront fee. The Firm agreed to deduct the invoices from the upfront fee and Plaintiffs agreed, in turn, to replenish the retainer balance once it was depleted.

11. Plaintiffs depleted the retainer balance upon payment of the Firm's first monthly invoice.

As such, Plaintiffs paid the subsequent monthly invoices as they became due. However, Plaintiffs ceased making payments on any invoices for over a year.

12. The Firm last received a payment from Plaintiffs on May 10, 2010. Although, the Firm has sent repeated request for payment, Plaintiffs still fail to pay any outstanding invoices.

13. On May 20, 2011, the Firm sent Plaintiffs' representative, Mark Lev, a letter notifying Plaintiffs of the Firm's intention to withdraw as counsel for failure to pay the Firm's legal fees.

14. The only response the Firm has received from Plaintiffs has been to advise the Firm that Plaintiffs are currently in settlement discussions with Yanchu Gas. As a result, the Firm advised this Court of these settlement discussions in its status letters, dated April 30, 2011 and June 6, 2011.

15. On or about June 8, 2011, Firm sent Plaintiffs an e-mail discussing the settlement negotiations and raising the issue of non-payment yet again. In response, Plaintiffs offered no form of payment and continue to ignore the Firm's repeated requests for payment of the outstanding invoices.

16. For all the foregoing reasons, I respectfully request that the Court grant the Motion to Withdraw as Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 5, 2011
      Coral Gables, Florida

_____
Mark David Hunter, Esq.